ISIDOR ENGEL

*v.*

CENTRAL BUILDING AND CONSTRUCTION COMPANY et al.

[Submitted February 14th, 1916.  Decided February 17th, 1916.]

1. Under *3 Comp. Stat. 1910 p. 3294 § 3*, providing that whenever a contractor shall upon demand refuse to pay any subcontractor, the subcontractor shall give notice in writing to the owner of such refusal and of the amount due him, although no particular form of notice need be served, a notice served by the subcontractor on the owner referring to an unexecuted contract between the subcontractor and contractor stating that the work was completed according to the contract, that contractor had money due to the subcontractor, and notifying the owner to retain any money due to contractor, did not comply with the requirements of the statute in that it did not contain an allegation that the contractor refused to pay.

2. Under *3 Comp. Stat. 1910 p. 3294 § 3*, notice by a subcontractor to the owner, defective for want of an allegation that the contractor had refused to pay the amount claimed, was not cured by a stop-notice calling the owner's attention to the defective notice and stating that the contractor was showing a disposition to prolong settlement, and that the subcontractor was ready to bring suit and notifying the owner to withhold money due the contractor, since it warrants the conclusion that the contractor had not in fact refused to pay the claim.

---

On bill of interpleader.  Heard on bill, answers, replication and proofs.

*Messrs. Howe & Davis,* for the complainant.

*Mr. Franklin W. Fort,* representing *Mr. Peter A. Cavicchia,* solicitor, for the Newark Mason Contractors Company.

*Mr. Isaac Fleischman,* for the defendant A. A. Tallard.

*Mr. Peter Bentley,* for the defendant Lewis Max.

*Mr. James D. Carpenter, Jr.,* representing *Messrs. McDermott & Enright,* solictors, for the defendant Kawneer Manufacturing Company.

*Mr. James R. Stewart, Jr.,* for the defendants Abraham Ratner and Julius Jader, partners, &c.

*Mr. Jacob Lubelkin,* for the defendant Meyer Gendel.

*Mr. I. Bernard Dvin,* for the defendant Joseph Cheskin.

FOSTER, V. C.

This is a bill of interpleader, and, after the entry of a decree of interpleader, this cause came on for hearing to determine the priority of the lien claims. I have disposed of all the lien claims except the claim of Newark Mason Contractors Company, the validity of whose notice is attacked.

As to the claim of the Newark Mason Contractors Company, I find that the notice or notices served on the owner do not comply with the requirements of the statute.

The statutory requirements are, that whenever the contractor shall, upon demand, refuse to pay any subcontractor the money due to him, it shall be the duty of the subcontractor to give notice in writing to the owner of such refusal and of the amount due to him and so demanded. If notice to this effect is given, the owner is then authorized to pay the claim, on being satisfied of its correctness, and will be allowed for the amount so paid in his settlement with the contractor. *Comp. Stat. p. 3294* § *3.* No particular form of notice need be served, provided the form used gives in effect the written notice prescribed by statute. *Fehling* v. *Goings, 78 N. J. Eq. 375.*

By an unexecuted draft of a contract dated March 31st, 1914, made between the Central Building and Construction Company and this claimant, the latter agreed to do certain mason and other work under the direction of the owner's architect on the premises in question by June 1st following for $3,400, to be paid: eighty per cent. (presumably of the architect's estimate) on the

first day of every month, and the balance was to be paid when the work was completed and accepted by the owner.

On August 7th, 1914, claimant served on the owner a notice, in which reference is made to this unexecuted contract, and then the notice proceeds to state:

(1) That the work has been completed in conformity with this subcontract;

(2) That "the said Central Building and Construction Company leaving the sum of eleven hundred and ninety-nine dollars still due to us, which includes the extra work," and

(3) You are, therefore, notified to retain in your hands any money that is due by you to said Central Building and Construction Company and apply it as aforesaid to the satisfaction of our claim as aforesaid.

This notice was signed in the name of the claimant by its manager.

It will be observed that this notice did not give the owner notice of the principal matter mentioned in the statute, *i. e.*, the contractor's refusal to pay the amount claimed.

Having in mind that this section of the statute should be liberally construed in favor of a lien claimant (*Manufacturing Company* v. *Building Company, 71 N. J. Eq. 133; affirmed* in *72 N. J. Eq. 929*), I am unable to place any construction upon this notice that the contractor had refused to pay claimant the amount demanded. Our courts have gone so far as to waive the recital of a demand for payment in the notice, if a statement is used in the notice showing payment to have been refused, as the term "refusal" naturally imports a previous demand or request for payment. *Beckhard* v. *Rudolph, 68 N. J. Eq. 740.*

But I know of no case in which it has been held that the stop-notice served is good and is authority for the owner to pay the claimant, if the notice contains no statement by which the owner is made aware, either expressly or by necessary implication, that the contractor has refused to pay the claimant. There is nothing in this notice to inform the owner why he should pay the claimant instead of the contractor; there is nothing to show that the contractor is unwilling or unable to pay the amount

demanded, and the owner is left to surmise or to speculate why payment is demanded of him.

Should he make payment under a notice of this effect, I seriously doubt if it would be allowed him in his settlement with the general contractor.

The infirmities in this notice, which I have mentioned, were pointed out by me in the course of the hearing, and their significance was recognized by counsel for the claimant, who attempted to cure them by the introduction of a so-called second stopnotice, which was served on the owner on August 28th, 1914.

In this notice, which is signed by a lawyer, Peter A. Cavicchia, complainant's attention is first called to the above-mentioned notice served on him by this claimant on August 7th, and it then states:

"Since Mr. Goldberg is showing a disposition to prolong the settlement of this claim, I am ready to bring suit for the amount and I hereby notify you to withhold the amount of $1,199 out of any moneys that become due to the Central Building and Construction Company until such time as the court shall decide the question."

There is nothing in this letter, or in the reference it makes to the former notice, to indicate that the contractor had refused to pay the claim. On the contrary, the complaint is that the contractor, through Mr. Goldberg, its president, is merely showing a disposition to prolong the settlement of the claim, and this statement leads to the inference that the contractor who was engaged in prolonging a settlement of the claim on August 28th, certainly had not refused to pay this claim three weeks earlier, when the first notice was served, and it warrants the conclusion that the contractor had not in fact refused to pay the claim; and that the first notice was silent on this point because it could not truthfully charge the contractor with such refusal. This conclusion is supported by the proof which shows that on August 6th the representative of the claimant became angry at the contractor when he offered to pay him $100 instead of several hundred dollars, which the claimant was expecting to have paid him, and that thereupon the notice of August 7th was served.

Mr. DeBiare, the manager of claimant, testified that prior to the service of the notice of August 7th he had not made a demand on the contractor for the payment of the sum of $1,199; that after he sent this notice to Mr. Engel, he spoke to Mr. Goldberg about it; that when Mr. Goldberg offered him a check for $100 on August 6th he refused it, because he expected six or seven hundred dollars.

No demand for payment having been made until after the notice was served, there certainly could not be a refusal on the part of the contractor to pay the claim prior to the service of the notice, and I find that the notices of this claimant and proofs thereon do not comply with the statutory requirements, and that this claimant is not entitled to participate in the distribution of this fund.